HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CORINNA MCGREGOR,

        Plaintiff,

  v.

KITSAP COUNTY, et al.,

        Defendants.

CASE NO. C17-5436 RBL

ORDER ON MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' Motion to Dismiss [Dkt. 23]. In June 2014, Kitsap County Sheriff's Deputies responded to a 9-1-1 call from Plaintiff Corinna McGregor's then-husband reporting that McGregor was suicidal. Responding deputies observed McGregor, who was armed with a handgun, exit the residence and walk behind a nearby woodpile. McGregor was shot by Deputy Wilson Sapp during the ensuing standoff. McGregor survived the encounter and now brings a lawsuit alleging various torts and constitutional violations against Kitsap County, Deputy Sapp, and the current and former Kitsap County Sheriffs. Defendants move to dismiss all but two of McGregor's claims pursuant to Fed. R. Civ. P. 12(b)(6), arguing that as a matter of law, McGregor cannot demonstrate she is entitled to relief. The motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows.

# I. LEGAL STANDARD

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

## II. ANALYSIS

McGregor alleges five claims in the Amended Complaint: (1) a § 1983 excessive force claim against Deputy Sapp; (2) a § 1983 deprivation of constitutional rights claim against Kitsap County (*Monell* claim); (3) a negligence claim against Deputy Sapp; (4) a negligent hiring, training, and supervision claim against Kitsap County, Sheriff Simpson, and former Sheriff Boyer; and (5) a *respondeat superior* claim against Kitsap County. *See* Dkt. 8.[1] Defendants argue that McGregor's claims, with the exception of the excessive force claim against Deputy Sapp and the *Monell* claim against Kitsap County, must be dismissed as a matter of law. Dkt. 26 at 1.

**A. The motion to dismiss is timely.**

McGregor argues that Defendants' motion to dismiss is untimely because it was not filed within the twenty-one day window to file a responsive pleading under Fed. R. Civ. P. 12. Dkt. 24 at 5. McGregor's characterization of the motion to dismiss as a responsive pleading is erroneous. *See* Fed. R. Civ. P. 7(a) (listing the types of pleadings allowed). Because Defendants' filed their motion to dismiss prior to filing a responsive pleading, it is timely. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

**B. McGregor's negligence claim against Deputy Sapp is plausible as pled.**

Defendants argue that McGregor cannot establish her negligence claim because Deputy Sapp had no duty as a law enforcement officer not to shoot McGregor. Dkt. 23 at 9. McGregor contends that law enforcement's assurances that she would not be harmed created a special

---

[1] Although McGregor's Amended Complaint names the Kitsap County Sheriff's Office as a defendant, McGregor now stipulates to dismiss the Sheriff's Office as a defendant from this lawsuit. *See* Dkt. 24 at 12.

relationship, and that Deputy Sapp negligently breached the duty imposed by this special relationship by shooting her when she emerged from behind the woodpile.

"As a general rule, law enforcement activities are not reachable in negligence." *Keates v. City of Vancouver*, 869 P.2d 88, 93 (Wash. Ct. App. 1994). The public duty doctrine recognizes that the duty of officers to provide protection is normally owed to the public at large and is unenforceable as to individual members of the public. *Thomas v. Cannon*, No. 3:15-05346 BJR, 2017 WL 2289081, at *14 n.7 (W.D. Wash. May 25, 2017). "An exception to the public duty doctrine provides that if a 'special relationship' exists between the public officer and the plaintiff, a duty owed to the individual may arise. [ ] Specifically, an actionable duty to provide police services will arise if . . . there are explicit assurances of protection that give rise to reliance on the part of the victim." *Id.*; *see also Hamilton v. City of Olympia*, 687 F. Supp. 2d 1231, 1248 (W.D. Wash. Sep. 8, 2009). To create a special relationship between police officer and citizen, Washington law requires direct contact setting the citizen apart from the general public, and 'express assurances' of assistance that give rise to a justifiable reliance on the part of the citizen." *Beal v. City of Seattle*, 954 P.2d 237, 244–45 (Wash. Ct. App. 1998). "[A]n actionable duty to provide police services can arise if all these requirements are met." *Id.* at 245.

McGregor has pled sufficient facts suggesting that she was assured that she would not be harmed and could speak with her husband if she emerged from behind the wood pile unarmed. Because this claim may benefit from additional factual development and argument by the parties, the Court will not dismiss the negligence claim against Deputy Sapp at this early stage of the litigation. Accordingly, the motion to dismiss the negligence claim against Deputy Sapp is **DENIED**.

**C. McGregor's negligent hiring, training, and supervision claim against Sheriff Simpson, former Sheriff Boyer, and Kitsap County are fatally flawed and must be dismissed.**

McGregor alleges that Kitsap County, Sheriff Gary Simpson, and former Sheriff Steve Boyer, are liable for negligently hiring, training, and supervising Deputy Sapp. Defendants contend there is no legal or factual basis to support this claim. McGregor's claim is particularly disjointed because she frames her claim in the Amended Complaint as a state law negligent hiring, training, and supervision claim, *see* Dkt. 8 at ¶¶ 52–57 (articulating the claim in terms of negligence, proximate cause, and failure to use reasonable care), but argues the claim in terms of § 1983 liability in her response to the motion to dismiss, *see* Dkt. 24 (alleging liability based on § 1983 and defendants final policy-making authority). Although McGregor conflates two different causes of action, she cannot establish a viable claim under either theory.

1. <u>McGregor cannot establish a state law claim for negligent hiring, training, and supervision against Defendants because Deputy Sapp was acting within the course and scope of his employment.</u>

In her Amended Complaint, McGregor alleges "negligent and grossly negligent hiring, training and supervision of employees and agents" by Sheriff Boyer, Sheriff Simpson, and Kitsap County. Dkt. 8 at 9. This claim, however, is fatally deficient.

The Washington Court of Appeals observes,

> [t]he causes of action for negligent hiring, retention, supervision and training are analytically different from vicarious liability. These claims arise when the employee is acting outside the scope of employment. They are based on the concept that the employer's own negligence is a wrong to the injured party, independent from the employer's liability for its employee's negligence imputed by the doctrine of *respondeat superior*.

*Evans v. Tacoma Sch. Dist. No. 10*, 380 P.3d 553, 564 (Wash. Ct. App. 2016) (internal citations omitted). "Under Washington law, therefore, a claim for negligent hiring, training, and supervision is generally improper when the employer concedes the employee's actions occurred

| 1 | within the course and scope of employment." *LaPlant v. Snohomish Cty.*, 271 P.3d 254, 256–57
| 2 | (Wash. Ct. App. 2011).
| 3 | Defendants concede, and McGregor acknowledges that Deputy Sapp was acting within
| 4 | the scope of his employment when McGregor was injured. *See* Dkt. 24 at 16 ("Defendant Sapp
| 5 | was an agent of Kitsap County and . . . was performing police functions and carrying a firearm
| 6 | for that purpose when he shot Plaintiff."). Because it is undisputed that Deputy Sapp was acting
| 7 | within the course and scope of his employment, McGregor's claim for negligent hiring, training,
| 8 | and supervision fails. *See id.* ("In Washington, a cause of action for negligent supervision
| 9 | requires a plaintiff to show that an employee acted outside the scope of his or her employment.
| 10 | But when an employee commits negligence within the scope of employment, a different theory
| 11 | of liability—vicarious liability— applies"). Accordingly, the motion to dismiss this claim is
| 12 | **GRANTED**.

2. <u>A claim for inadequate training or supervision under § 1983 is duplicative of McGregor's *Monell* claim.</u>

To the extent McGregor's fourth claim from the Amended Complaint is actually alleging a cause of action against former Sheriff Boyer, Sheriff Simpson, or Kitsap County under § 1983 for inadequate training or supervision, it is duplicative of her *Monell* claim against the County and must be dismissed. *Luke v. Abbott*, 954 F. Supp. 202, 204 (C.D. Cal. 1997) ("[I]t is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity. . .  If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.").

### D. McGregor does not allege sufficient facts to maintain a § 1983 cause of action against Sheriff Simpson or former Sheriff Boyer.

McGregor alleges that Simpson and Boyer are liable in their official capacities because they had final policymaking authority and supervisory authority over Deputy Sapp and "ratified the unconstitutional actions of [Deputy] Sapp." Dkt. 24 at 5, 10–11. "Under § 1983, supervisory officials are not liable for actions of subordinates under any theory of vicarious liability." *Hansen v. Black*, 885 F.2d 642, 645–46 (9th Cir. 1989). Thus, a supervisor is typically only liable in a civil rights action for the actions of subordinates if he was personally involved in the constitutional deprivation or there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 916 (9th Cir. 2012) (en banc). McGregor does not allege, and there is no indication, that either Sheriff Simpson or Sheriff Boyer were present or in any manner personally involved in McGregor's shooting.

McGregor's argument for Simpson and Boyer's liability based on their position as final policymakers fares no better. McGregor contends "it is believed that Defendant Sheriff Boyer delegated policymaking authority to [Simpson]," in his supervisory role as a Division Chief. Dkt. 24 at 11. But McGregor's belief, without more, is an unwarranted inference that is insufficient to withstand the motion to dismiss. *Twombly*, 550 U.S. at 555; *Vazquez*, 487 F.3d at 1249. Accordingly, Sheriff Simpson and former Sheriff Boyer are **DISMISSED WITH PREJUDICE** as defendants from this lawsuit.

### E. McGregor pleads a viable *respondeat superior* claim based on Deputy Sapp's negligence.

McGregor brings a *respondeat superior* claim against Kitsap County, arguing the County is "responsible for the actions of their agents and employees including [Deputy] Sapp," Dkt. 8 at 10. Because McGregor alleges a plausible negligence claim against Deputy Sapp, her *respondeat*

*superior* claim against Kitsap County also survives, and the motion to dismiss this claim is **DENIED**.

### III. CONCLUSION

The motion to dismiss [Dkt. 23] is **GRANTED IN PART** with respect to the negligent hiring, training, and supervision claim and to Defendants Simpson and Boyer. The motion is **DENIED IN PART** with respect to the negligence claim against Deputy Sapp and the *respondeat superior* claim against Kitsap County. Pursuant to the parties' stipulation, Defendant Kitsap County Sheriff's Office is **DISMISSED** from the lawsuit. McGregor's following claims remain:

- § 1983 excessive force claim against Deputy Sapp;
- *Monell* claim against Kitsap County;
- Negligence claim against Deputy Sapp; and
- *Respondeat superior* claim against Kitsap County.

IT IS SO ORDERED.

Dated this 27th day of December, 2017.

Ronald B. Leighton
United States District Judge