UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CORINNA MCGREGOR, | CASE NO. C17-5436 RBL |
| Plaintiff, | ORDER DENYING MOTION TO RECONSIDER |
| v. | |
| KITSAP COUNTY, et al., | |
| Defendants. | |

THIS MATTER is before the Court on Defendants' Motion to Reconsider [Dkt. #56].

Defendants contend that the Court committed manifest error in its Order denying their motion for

summary judgment on qualified immunity [Dkt. #51] because the Plaintiff failed to present

admissible evidence to raise a genuine issue of material fact. Defendants also argue that the

Court erred by applying the incorrect legal standard.

**I. LEGAL STANDARD**

Under Local Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily

be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal

authority which could not have been brought to the attention of the court earlier, through

reasonable diligence. The term "manifest error" is "an error that is plain and indisputable, and

that amounts to a complete disregard of the controlling law or the credible evidence in the record." Black's Law Dictionary 622 (9th ed. 2009).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). Neither the Local Civil Rules nor the Federal Rule of Civil Procedure, which allow for a motion for reconsideration, is intended to provide litigants with a second bite at the apple. A motion for reconsideration should not be used to ask a court to rethink what the court had already thought through — rightly or wrongly. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration, and reconsideration may not be based on evidence and legal arguments that could have been presented at the time of the challenged decision. *Haw. Stevedores, Inc. v. HT & T Co.*, 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

## II. DISCUSSION

**A. Plaintiff has offered sufficient evidence to raise a genuine issue of material fact.**

Defendants argue that the Court committed manifest error because McGregor "offered no factual evidence to raise a genuine issue as to any material fact and instead relied solely upon unsupported allegations in her complaint." Dkt. 56 at 2. Defendants assert that McGregor has offered "no testimony at all" because her Amended Complaint is not properly verified. *Id*. at 3.

1 | In essence, Defendants' argue that because the Complaint is unverified, Deputy Sapp is entitled

2 | to all inferences in his favor, and the Court must accept Defendants' account of events as true

3 | and grant summary judgment. This argument is without merit.

4 |    Although McGregor's initial Complaint was unverified, McGregor filed a Declaration (1)

5 | verifying her Complaint and Amended Complaint; and (2) attesting under the penalty of perjury

6 | to her personal knowledge of the facts in the Amended Complaint. *See* Dkt. 38. The Court

7 | declines Defendants' invitation to deny Plaintiff her day in Court over the equivalent of a foot

8 | fault, the specific wording McGregor used in her Declaration verifying her Amended Complaint.

9 |    Defendants also suggest that because the Complaint contains a recitation of disputed facts

10 | about which McGregor cannot have personal knowledge, Deputy Sapp is entitled to qualified

11 | immunity. Defendants argue that the Court improperly relied on McGregor's "'assertions' and

12 | 'contentions' instead of admissible factual evidence . . . ." Dkt. 56 at 4. But McGregor's

13 | statements about her own conduct prior to being shot is admissible testimony based upon her

14 | personal knowledge. As the Court stated in its Order, "Because the reasonableness of Deputy

15 | Sapp's decision to shoot McGregor depends on disputed issues of material fact, it is not a legal

16 | inquiry, but rather a question of fact best resolved by a jury. *See Wilkins v. City of Oakland*, 350

17 | F.3d 949, 955 (9th Cir. 2003)." Dkt. 51 at 10–11.

**B. The Court applied the proper legal standard.**

19 |    Next, Defendants argue that the Court improperly applied the less stringent Fed. R. Civ.

20 | P. 12(b)(6) legal standard instead of the proper Fed. R. Civ. P. 56 summary judgment standard.

21 | This argument is again premised on McGregor's perceived inability to contest Defendants'

22 | version of events with admissible evidence. Dkt. 56 at 6.

1     "Because [the excessive force inquiry] nearly always requires a jury to sift through

2 disputed factual contentions, and to draw inferences therefrom, we have held on many occasions

3 that summary judgment or judgment as a matter of law in excessive force cases should be

4 granted sparingly." *Smith v. City of Hemet*, 394 F.3d 689, 701 (9th Cir. 2005). The Court has

5 already determined that viewing the evidence in the light most favorable to McGregor as the

6 non-moving party, there are genuine issues of material fact that must be resolved by the jury.

7 Dkt. 4–5.

8     Defendants' Motion for Reconsideration [Dkt. #56] is **DENIED**.

9     IT IS SO ORDERED.

10     Dated this 11th day of June, 2018.

11

12                     _____

                      Ronald B. Leighton

13                       United States District Judge

14

15

16

17

18

19

20

21

22

23

24